## OBIE WILSON V. THE STATE.

### No. 10576.    Delivered January 19, 1927.

#### 1.—Manufacturing Intoxicating Liquor—Evidence—Properly Refused.

Where, upon a trial for manufacturing intoxicating liquor, appellant requested the court to send the state witness, with two others, to the scene where state witness testified that he saw appellant and another person manufacturing liquor, to discover from physical facts whether state witness could have seen what he had testified to having seen, the request was properly refused.

#### 2.—Same—Verdict—Reformed.

Where the verdict finds appellant "guilty as charged" and assesses his punishment at two years and the judgment entered, adjudged him guilty of manufacturing intoxicating liquor, and *possessing mash and a still* and assessing his punishment at *one* year, the judgment will be corrected, so as to adjudge appellant guilty of manufacturing intoxicating liquor only, and that he be confined in the penitentiary for not less than one nor more than two years, and as reformed the judgment is affirmed.

Appeal from the District Court of Gregg County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for manufacturing intoxicating liquor, punishment being two years in the penitentiary.

The sheriff had discovered some mash concealed at a certain point and on the day of appellant's arrest had sent two of his deputies out to destroy it. When the officers approached the place (according to their testimony) they found appellant and Andrew Stevens operating a still. Both of them fled. Appellant denied being one of the parties. He introduced evidence which, if believed by the jury, would have shown that both he and Stevens were at another place and could not have been the parties operating the still. That issue of fact was determined by the jury in favor of the state. This court has no authority to disturb the verdict under the circumstances.

Only one bill of exception appears in the record. It shows that after one of the officers had described the place where he claims to have seen appellant and Stevens operating the still,

appellant's attorney asked the witness if the day before the trial he had been requested to go with another party and point out the place, to which witness replied that he had been so requested but had declined to do so, whereupon appellant's attorney stated that according to the description of the place and its surroundings it was thought to be impossible for the officers to have seen a party operating the still as claimed by them, and counsel requested the court to direct the witness to go in company with two other parties and point out the place in order that they might testify with reference to the location and surroundings. The court declined this request and the ruling is urged as error. Appellant has furnished us with no authorities supporting his proposition, and we are not aware of any.

The only count submitted to the jury was that charging manufacture of intoxicating liquor. The verdict finds appellant guilty "as charged" and assesses his punishment at *two* years in the penitentiary. This verdict must be considered in the light of the court's instructions and will be referred to the only count submitted. As the record appears in this court judgment was entered against appellant adjudging him guilty of "manufacturing intoxicating liquor and *possessing mash and a still,* and fixing punishment at confinement in the penitentiary for *one* year." The judgment will be corrected so as to adjudge appellant to be guilty of manufacturing intoxicating liquor only and also by confinement in the penitentiary for not less than *one* nor more than *two* years, as directed by the jury.

The sentence is also defective. It will be corrected to conform to the reformed judgment adjudging appellant to be guilty of manufacturing intoxicating liquor and directing his confinement in the penitentiary for not less than one year nor more than two years.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*